IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ROLAND MCCARTHY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CORDELE, GEORGIA and JOSHUA DERISO, in his individual and official capacities,<br><br>Defendants. | Civil Action File No.<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Roland McCarthy ("McCarthy" or "Plaintiff") files this Complaint against his former employer, City of Cordele, Georgia ("Cordele") and the Chair of the City Commission for the City of Cordele, Georgia, Joshua Deriso ("Deriso") (collectively "Defendants") as follows:

**Statement of Claims, Parties, Jurisdiction, and Venue**

1.

This is a race discrimination action based on the discriminatory termination of McCarthy as City Manager for the City of Cordele, Georgia, in violation of Title VII, 42 U.S.C. § 2000 *et seq.* ("Title VII"), 42 U.S.C. § 1981 (§ 1981), through 42 U.S.C. § 1983 (§ 1983), and the Equal Protection Clause of the Fourteenth

Amendment to the United States Constitution. In addition, McCarthy brings a claim for breach of contract and attorneys' fees and costs.

2.

Plaintiff is a resident of Georgia and submits himself to the jurisdiction of this Court.

3.

The City of Cordele, Georgia is a state municipality with its principal office located and where service of process may be affected through City Manager Angela Henderson Redding, 501 North 7th St, Cordele, GA 31015. Cordele is also a covered employer under Title VII with more than fifteen employees and is also a covered employer under § 1981, § 1983, and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

4.

Commission Chair Joshua Deriso is a city official with the City of Cordele subject to the jurisdiction of this Court whose principal office location and where service of process may be affected is 501 North 7th St, Cordele, GA 31015. Deriso is, and was at the time of McCarthy's termination, responsible for the administration and policymaking for the City and orchestrated the decision to terminate McCarthy due to his race. Deriso is subject to individual liability under §

1981, § 1983, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

5.

At all times relevant to this suit, the City has been subject to § 1981 through § 1983 not to discriminate in the making and enforcement of contracts.

6.

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this matter involves federal questions arising under § 1981, § 1983, and the United States Constitution.

7.

Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because the acts, events, and occurrences giving rise to McCarthy's claims took place in the City of Cordele, Georgia, which is within this judicial district and division.

**Factual Background**

8.

McCarthy is a Caucasian male.

9.

McCarthy was hired as the Finance Director for Cordele in June 2017.

10.

Prior to being hired as the Finance Director for Cordele, McCarthy served as a comptroller, chief accountant, and internal auditor for the United States Marines Corps ("Marines").

11.

McCarthy obtained a Bachelor's in Business Administration degree with a focus on management and accounting from Park College in Missouri in 1997.

12.

Since obtaining his degree, McCarthy has worked in various finance and accounting roles, including serving as the Assistant City Manager for the City of Sylvester, Georgia, immediately before being hired by Defendant as the Finance Director.

13.

In December 2020, the former City Manager for Cordele, Edward Beach, unexpectedly passed away.

14.

The City Commission for Cordele asked McCarthy if he would step up to lead Cordele as City Manager, and McCarthy was unanimously approved as the new City Manager in January 2021.

15.

McCarthy demonstrated exemplary service and expertise during his tenure as Finance Director and City Manager for Cordele, including leading the City during a global pandemic.

16.

Among his many accomplishments, McCarthy oversaw annual audits, set and oversaw City budgets, managed all department heads, served as a liaison between citizens and the City, oversaw the completion of new sidewalks within the city, applied for a $10 million grant for sewer upgrades that was later approved, and obtained a loan through the Georgia Environmental Finance Authority to upgrade the City's sewer infrastructure.

17.

In August 2021, Joshua Deriso announced his campaign for chair of the City Commission of Cordele.

18.

During his campaign, Deriso frequently addressed race as an underlying motive for his plans for Cordele, including desiring to see an entirely African American Commission, prioritizing African American businesses, and replacing Caucasian employees with African Americans.

19.

On October 13, 2021, Deriso posted the following post on Facebook, demonstrating his desire to replace McCarthy with a person "of color":



20.

Deriso previously expressed his desire to replace Caucasian employees with African Americans prior to announcing his campaign, including in a post from December 3, 2020:



21.

Again, on February 8, 2021, Deriso expressed a desire to replace Caucasian employees with African Americans:



22.

On election night, Deriso posted a Facebook Live feed where he reiterated his plan to replace Caucasian department heads with African Americans if elected.

23.

On November 14, 2021, Deriso posted another Facebook Live during the runoff election where he expressed a desire take actions in the next three (3) to four (4) years that would permit the City Commission to be "all black" and later expressed in the same video that "it is time for us [African Americans] to run our city."

24.

On December 21, 2021, the 2021 City Commission for Cordele voted to renew McCarthy's contract as City Manager through December 31, 2022. The Employment Agreement was signed by then Chair of the Commission, John Wiggins, and the City Attorney for Cordele, Tommy Coleman. A true and accurate copy of the Employment Agreement signed on December 21, 2021, is attached as **Exhibit 1**.

25.

On November 30, 2021, Defendant Deriso was elected as Chair of the City Commission during a runoff election.

26.

Following the 2021 elections for the City Commission, the Commission was comprised of four (4) African Americans and one (1) Caucasian.

27.

The newly elected Commissioners were sworn into office on January 4, 2022.

28.

After being sworn into office, the Commission went into an executive session during the January 4, 2022 Commission meeting.

29.

Upon exiting the executive session, the Commission announced that McCarthy was effectively terminated by the Commission, voting to hire Angela Henderson Redding, an African American female, as the City Manager—just as Deriso's October 13, 2021 Facebook post promised.

30.

The Commission voted on race lines, with three (3) African American commissioners voting to terminate McCarthy and replace him with an African American and the sole Caucasian commissioner voting to honor McCarthy's 1-year contract

31.

Though he did not have to vote as Chair since there was not a tie, Deriso led, directed, and encouraged replacing McCarthy with an African American candidate and effectively terminating McCarthy.

32.

Since his termination as City Manager, Cordele has refused to pay McCarthy's contract out as set forth in his Employment Agreement.

33.

The renewed Employment Agreement of McCarthy states:

> The term of this agreement shall be for a period of one year from January 1, 2022 to December 31, 2022. In the event that the Employee is terminated, as defined in Section 9 of this agreement, the Employee shall be entitled to all compensation including salary, accrued vacation and sick leave for the remainder of the term of this agreement.

*See* Ex. 1, Employment Agreement, § 1(B).

34.

The Employment Agreement was approved on December 21, 2021 by the prior Commission and is signed by the former Commission Chair and City Attorney, as well as McCarthy.

35.

Prior to the January 4, 2021 meeting, Deriso and Commissioner Reeves told McCarthy that they were replacing him with an African American candidate.

36.

McCarthy suggested he may be willing to take a demotion back to the Finance Director position, but Deriso and Commissioner Reeves told McCarthy that would not be possible because McCarthy did not look like them.

## Administrative Remedies

37.

On March 23, 2022, McCarthy timely filed a Charge of Discrimination alleging race discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

38.

McCarthy was issued a Right to Sue letter on May 4, 2022, for the Charge of Discrimination. This lawsuit is timely filed.

## Count I: Race Discrimination in Violation of Title VII
## 42 U.S.C. § 2000e *et seq.*
## (As to Defendant City of Cordele Only)

39.

Plaintiff incorporates by reference the preceding allegations as if fully restated herein.

40.

Title VII forbids terminating or otherwise taking adverse action against an employee if the adverse action is motivated by the employee's race.

41.

Cordele is an employer as defined by Title VII, 42 U.S.C. § 2000e(b).

42.

McCarthy was in a protected class based on his race.

43.

McCarthy performed his duties as City Manager exceptionally well and was qualified to continue in his role as City Manager.

44.

The 2021 City Commission voted to renew McCarthy's contract for one year in light of his value to Cordele.

45.

The newly appointed City Commission voted along race lines to hire an African American female to replace McCarthy, effectively terminating McCarthy on January 4, 2022.

46.

Deriso orchestrated the termination of McCarthy due to his race, as he campaigned on during his run for office.

47.

The City's decision to terminate McCarthy from his City Manager position was motivated by his race in violation of Title VII.

48.

Cordele's unlawful conduct caused McCarthy to suffer economic and non-economic damages, including, but not limited to, lost earnings and benefits, lost opportunities for advancement, pain and suffering, and mental and emotional distress, for which Cordele is liable

## Count II: Race Discrimination in Violation of 42 U.S.C. § 1983 and Equal Protection Claim

49.

Plaintiff incorporates by reference the preceding allegations as if fully restated herein.

50.

Like Title VII, it is unlawful under 42 U.S.C. § 1981, through 42 U.S.C. § 1983, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution to intentionally discriminate against an employee based on the employee's race.

51.

The City's conduct described herein was accomplished under color of state and local law.

52.

The City's decision to terminate McCarthy from his City Manager position because of his race is in violation of 42 U.S.C. § 1981 through 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

53.

At the time of the events alleged herein, the law was well-settled that under the Fourteenth Amendment to the United States Constitution a public employer may not discriminate against employees in the terms and conditions of their employment because of race.

54.

At the time of McCarthy's termination, each Defendant knew that terminating McCarthy because of his race violated both 42 U.S.C. § 1981, through 42 U.S.C. § 1983, and the United States Constitution.

55.

Defendant's discriminatory acts were done intentionally and with malice or reckless indifference to McCarthy' rights under 42 U.S.C. § 1981, through 42 U.S.C. § 1983, and the United States Constitution.

56.

As a direct result of Defendant's unlawful conduct, McCarthy has suffered damages including, without limitation, lost income and benefits, lost opportunities for advancement, mental and emotional distress, and pain and suffering, and he has incurred costs and attorneys' fees.

57.

Pursuant to 42 U.S.C. § 1981, through 42 U.S.C. § 1983, Plaintiff is entitled to damages including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under 42 U.S.C. § 1981 and 42

U.S.C. § 1983 from all Defendants, as well as punitive damages from Defendant Deriso in his individual capacities.

58.

The outrageous conduct of the Defendant Deriso described above was done with oppression and malice, with a conscious disregard of McCarthy's rights, and with the intent, design and purpose of injuring McCarthy, thus entitling McCarthy to punitive damages from Defendant Deriso in his individual capacity in an amount to be proven at trial. The City, through its officers, managing agents, and/or supervisors, authorized, condoned and/or ratified the unlawful conduct.

### Count III: Breach of Contract
### (As to Defendant City of Cordele Only)

59.

Plaintiff incorporates by reference the preceding allegations as if fully restated herein.

60.

McCarthy entered into a contract with the City when his Employment Agreement was renewed by Cordele on December 21, 2021, which was signed by the Commission Chair, City Attorney, and McCarthy.

61.

The contract required that McCarthy be paid through December 31, 2022, including if he was terminated at any point.

62.

The City terminated McCarthy's employment on January 4, 2022.

63.

The City breached the contract with McCarthy by failing to pay the compensation and benefits owed under the Employment Agreement to McCarthy.

64.

Defendant's unlawful action caused McCarthy to lose contractually guaranteed compensation in an amount to be determined at trial.

### Count IV: Attorneys' Fees and Costs Under O.C.G.A. § 13-6-11
### (As to Defendant City of Cordele Only)

65.

Plaintiff incorporates by reference paragraphs 1 through 64 as if fully restated herein.

66.

In addition to the attorneys' fees and costs owed under 42 U.S.C. § 1981, through 42 U.S.C. § 1983, Defendant intentionally breached the contract with

McCarthy requiring payment of McCarthy's compensation and benefits through December 31, 2022.

67.

Counsel for McCarthy sent a good faith letter to Cordele to notify the City of its breach of McCarthy's Employment Agreement, but as of the date of this filing, Cordele has stubbornly refused to pay McCarthy pursuant to the Employment Agreement, resulting in the need to file this action.

68.

Defendant acted in bad faith and has caused McCarthy unnecessary trouble and expense.

69.

Therefore, McCarthy is entitled to attorneys' fees and costs pursuant to O.C.G.A. § 13-6-11.

### **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Find that Defendants violated Title VII, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 through 42 U.S.C. § 1983, and the Equal Protection Clause and breached the employment contract with Plaintiff;

2. Order Defendants to make Plaintiff whole by reinstatement to his former position, with full back pay and other benefits and expenses in amounts to be proven at trial;

3. If reinstatement is not feasible under the circumstances, grant Plaintiff front pay, including lost future benefits of medical insurance and retirement benefits;

4. Grant Plaintiff compensatory damages for pain and suffering and mental and emotional distress in an amount determined by the enlightened conscience of a jury;

5. Award Plaintiff punitive damages from the individual Defendant in his individual capacity in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter such conduct in the future;

6. Award Plaintiff pre- and post-judgment interest at the maximum rates allowable by law;

7. Grant Plaintiff special damages for all out-of-pocket costs and expenses that he would not have incurred but for Defendants' unlawful conduct, including costs incurred in bringing this action and his reasonable attorneys' fees; and

8. Grant such additional relief as this Court deems necessary, appropriate, proper, or just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury for all issues so triable.

Respectfully: May 27, 2022.

|  |  |
|---|---|
| **PARKS, CHESIN & WALBERT, P.C.**<br>75 14th Street, N.E., Suite 2600<br>Atlanta, GA 30309<br>T: 404-873-8000<br>F: 404-873-8050<br><br>*Counsel for Plaintiff* | /s/ J. Daniel Cole<br>J. Daniel Cole<br>Georgia Bar No. 450675<br>dcole@pcwlawfirm.com<br>Andrew Y. Coffman<br>Georgia Bar. No. 173115<br>acoffman@pcwlawfirm.com |